In the Matter of the Application of DENIS COLEMAN, Appellant, for Leave to Issue Execution and Sell Certain Real Property.

KARSCH BREWING COMPANY and Others, Respondents.

*Sale of real property after the making of an order canceling a judgment which is subsequently on appeal therefrom sustained in part — the purchaser acquires a title free therefrom.*

In an action to enforce the statutory remedies for the mismanagement of a corporation, the Special Term made an order directing the cancellation of a judgment theretofore rendered against it. The judgment creditor took an appeal from the order and obtained a stay preventing the actual cancellation of the docket of the judgment. Pending the appeal the corporation was dissolved and a receiver was appointed who was directed to sell the real property of the corporation, subject to certain specified liens, not including the canceled judgment. The parties present at the sale had actual notice of the order directing the cancellation of the judgment. After the sale the Appellate Division rendered a decision sustaining, at a reduced amount, the judgment ordered to be canceled.

*Held*, that the purchaser at the sale acquired the property free from the lien of the judgment as reduced.

GOODRICH, P. J., dissented.

APPEAL by the petitioner, Denis Coleman, from an order of the Supreme Court, made at the Queens County Special Term and entered in the office of the clerk of the county of Queens on the 1st day of July, 1902, denying the petitioner's motion for leave to issue execution upon a judgment recovered by him against the Mutual Brewing Company.

In an action brought to enforce the statutory remedies for the mismanagement of a corporation, the Special Term directed the cancellation of a judgment theretofore entered against the corporation. Pending an appeal by the judgment creditor, on which a stay was granted preventing the clerk from actually canceling the judgment, the corporation was dissolved in an action brought by the People of the State of New York, and a receiver was appointed, who, by direction of the court, sold the real estate of the corporation, subject to certain specified liens which did not include the canceled judgment. After the receiver's sale the Appellate Division handed down a decision sustaining, at a reduced amount, the judgment ordered to be canceled by the Special Term.

The judgment creditor, therefore, made a motion for leave to issue an execution against the corporation and the receiver for the amount of his judgment as reduced.

*John A. Dutton*, for the appellant.

*C. J. G. Hall* and *Uriah W. Tompkins*, for the respondents Karsch Brewing Company and others.

PER CURIAM:

A reference to the opinion of this court in *Halpin* v. *Coleman* (66 App. Div. 37) will furnish a sufficient statement of the facts involved in the present appeal. We there said that we did not then undertake to determine whether the Denis Coleman judgment was a lien upon the real property in question at the time of the sale of the receiver, inasmuch as that question had not yet been decided at the Special Term after a hearing on the merits. Such a decision has now been had, and has resulted in the order under review. It does not seem necessary again to discuss the questions of law which were considered in that opinion. It is sufficient to say that, under the circumstances as they existed at the time of the receiver's sale,

we think that the purchaser acquired the property freed from the lien of the Denis Coleman judgment.

It is true that the order of the Special Term canceling that judgment had not been carried into effect by an actual cancellation. The stay of proceedings granted by the Special Term judge had prevented such actual cancellation. But the fact that the court at Special Term had made an adjudication declaring the Denis Coleman judgment to be invalid and directing that it should be canceled, was actually known to the parties present at the sale, and, indeed, was expressly set out in the notice which the attorney for Denis Coleman read at the sale itself. Unless, therefore, the mere fact that an appeal was then pending from the Special Term adjudication had the effect of preserving the judgment, just as though it had never been pronounced invalid, the purchaser who acted on the faith of the order vacating the judgment must be held to have dealt with the property as if the judgment had never been a lien upon it. The transaction was entered into while the judgment appeared, from the adjudication of the Special Term, to be invalid, and at the time of the payment by the purchaser, the property was freed from the lien of the judgment. (See *King* v. *Harris*, 30 Barb.471; affd., 34 N. Y. 330.) The sale was a judicial sale at which the property was offered expressly subject to certain liens, not including the lien of this Denis Coleman judgment.

While the question is a nice one, which ought finally to be settled by the court of last resort, we think that authority supports the view herein expressed, and that the order should, therefore, be affirmed.

All concurred, except GOODRICH, P. J., who read for reversal.

GOODRICH, P. J. (dissenting) :

I dissent. The docket of the judgment still remains uncanceled. By the Code of Civil Procedure a judgment is not a lien on real estate until it is docketed, and when docketed, except as otherwise provided by law, continues to be a charge upon real estate for ten years. (§§ 1250, 1251.) Section 1256 provides that the court may order the docket of a judgment to be marked " lien suspended upon appeal " where the judgment is appealed from and a sufficient undertaking given. In such case the lien of the judgment is suspended as against judgment creditors and purchasers and mortgagees

in good faith. The reason is clear. Security has been given for the payment of the judgment if it shall be affirmed. But in the present case the cancellation of the lien on the docket was stayed, and this and the docket afforded constructive notice of the lien. At the sale notice was given of the judgment and the appeal, and this was actual notice to the purchaser of the judgment and of the appeal, and he was bound to take notice of the non-cancellation of the docket. (See *Holmes* v. *Bush,* 35 Hun, 637.) *King* v. *Harris* (34 N. Y. 330), cited in the per curiam opinion, does not seem to me to be authority for the respondent's contention, as in that case the judgment had been " vacated and wholly set aside " and an entry of its vacatur made on the docket of the judgment by order of the court.

I think the order should be reversed.

Order affirmed, with ten dollars costs and disbursements.