### In re COLEMAN.

(Supreme Court, Appellate Division, Second Department. December 9, 1902.)

1. PURCHASER AT RECEIVER'S SALE—JUDGMENT AGAINST DEBTOR—REVERSAL ON APPEAL—LIEN.

> Real estate was sold at a receiver's sale under order of the court, subject to certain liens, not including the lien of a judgment rendered against the debtor, which had been canceled by an order of court, from which order an appeal was pending. The order was reversed on appeal. *Held*, that the purchaser took the land free from the lien of the judgment.

> Goodrich, P. J., dissenting.

Appeal from special term, Queens county.

Application of Denis Coleman for leave to issue execution and sell certain real estate. From an order denying the application, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

John A. Dutton, for appellant.
C. J. G. Hall, for respondents the Karsch Brewing Company et al.

PER CURIAM. A reference to the opinion of this court in Halpin v. Coleman, 66 App. Div. 37, 73 N. Y. Supp. 233, will furnish a sufficient statement of the facts involved in the present appeal. We there said that we did not then undertake to determine whether the Denis Coleman judgment was a lien upon the real property in question at the time of the sale of the receiver, inasmuch as that question had not yet been decided at the special term after a hearing

¶ 1. See Judgment, vol. 30, Cent. Dig. §§ 1376, 1423.

on the merits. Such a decision has now been had, and has resulted in the order under review. It does not seem necessary again to discuss the questions of law which were considered in that opinion. It is sufficient to say that, under the circumstances as they existed at the time of the receiver's sale, we think that the purchaser acquired the property freed from the lien of the Denis Coleman judgment. It is true that the order of the special term canceling that judgment had not been carried into effect by an actual cancellation. The stay of proceedings granted by the special term judge had prevented such actual cancellation. But the fact that the court at special term had made an adjudication declaring the Denis Coleman judgment to be invalid, and directing that it should be canceled, was actually known to the parties present at the sale, and, indeed, was expressly set out in the notice which the attorney for Denis Coleman read at the sale itself. Unless, therefore, the mere fact that an appeal was then pending from the special term adjudication had the effect of preserving the judgment, just as though it had never been pronounced invalid, the purchaser, who acted on the faith of the order vacating the judgment, must be held to have dealt with the property as if the judgment had never been a lien upon it. The transaction was entered into while the judgment appeared, from the adjudication of the special term, to be invalid, and at the time of the payment of the purchaser was freed from the lien of the judgment. See King v. Harris, 30 Barb. 471, affirmed 34 N. Y. 330. The sale was a judicial sale, at which the property was offered expressly subject to certain liens, not including the lien of this Denis Coleman judgment. While the question is a nice one, which ought finally to be settled by the court of last resort, we think that authority supports the view herein expressed, and that the order should, therefore, be affirmed.

Order affirmed, with $10 costs and disbursements.

GOODRICH, P. J. I dissent. The docket of the judgment still remained uncanceled. By the Code of Civil Procedure a judgment is not a lien on real estate until it is docketed, and, when docketed, except as otherwise provided by law, continues to be a charge upon real estate for 10 years. Sections 1250, 1251. Section 1256 provides that the court may order the docket of a judgment to be marked "Lien suspended on appeal," where the judgment is appealed from, and a sufficient undertaking given. In such case the lien of the judgment is suspended as against judgment creditors or purchasers and mortgagees in good faith. The reason is clear. Security has been given for the payment of the judgment if it shall be affirmed. But in the present case the cancellation of the lien on the docket was stayed, and this and the docket afforded constructive notice of the lien. At the sale notice was given of the judgment and the appeal, and this was actual notice to the purchaser of the judgment and of the appeal, and he was bound to take notice of the noncancellation of the docket. See Holmes v. Bush, 35 Hun, 637. King v. Harris, 34 N. Y. 330, cited in the per curiam opinion, does not seem to me to be authority for the respondent's contention, as in

that case the judgment had been "vacated and wholly set aside," and an entry of its vacatur made on the docket of the judgment by order of the court.

I think the order should be reversed.